BYRNES, Judge,
concurring.
I concur in the result reached by the majority; however, I would dispose of one of the appellant’s arguments differently. Appellants urge us to include late charges when calculating the interest rate charged in accord with federal law. 12 U.S.C. § 86a(a)(b). State law excludes such *174 charges from the calculation of the interest paid by the appellants. LSA R.S. 9:3505(2). Appellants argue that since the federal interest rate is used to determine if the rate is usurious, the federal law should define what charges can be treated as interest. The majority rejects this argument but does not explain the reasons for its holding.
Section 501 of the Depository Institution Deregulation and Monetary Control Act of 1980 (P.L. 96-221) provides a permanent Federal preemption of state usury laws on all Federally-related first mortgage loans and such as the loan in the present case. 12 U.S.C. § 1735. However, federal pre-emptions of state law are narrowly construed. Unless the federal statute in question directly preempts state law, state law is still applicable. Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).
Section 501 addresses only the rate of interest that can be charged; it does not attempt to define interest. Since the federal statute in this case does not address the definition of interest, state law applies on that issue and late charges may not be used to calculate the rate of interest actually paid. I, therefore, concur in the result reached by the majority.